IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Eastern Division

TRACEY B. HENRY,

    **Plaintiff,**

v.                                                                                       No.: 1:15-cv-01018

TONY KARATHASIF d/b/a
MOUSTOS PASTA HOUSE & GRILL,                       JURY DEMANDED

    **Defendant.**

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
SETTING ASIDE ENTRY OF DEFAULT**

Before the Court is Plaintiff, Tracey B. Henry's, motion for default judgment. (Docket Entry ("D.E.") 10.) On April 7, 2015, Plaintiff moved for entry of default, which the Clerk granted. (D.E. 8–9.) For the reasons discussed below, Plaintiff's motion is DENIED and the entry of default is SET ASIDE.

*Background*

On February 2, 2015, Henry filed a complaint against Defendant, Tony Karathasif, d/b/a Moustos Pasta House & Grill ("Karathasif"), alleging violations of the Fair Labor Standards Act ("FLSA"). (D.E. 1.) Karathasif was served with a copy of the complaint via first-class certified United States mail on February 5, 2015. (D.E. 6.) Karathasif subsequently sent an undated[1] and unsigned document entitled "Answer" directly to Plaintiff's counsel, who filed it with the Court on March 11, 2015. (D.E. 7.) Defendant denied being the owner of Moustos Pasta House &

---

[1] Plaintiff's counsel also attached a copy of what appears to be the envelope Defendant used to mail his "Answer", which is post-marked February 20, 2015. (D.E. 7-1 at 5.)

Grill, and denied all claims asserted against him in Plaintiff's complaint. (D.E. 7-1.) On April 7, 2015, Plaintiff moved for, and was granted, an entry of default by the Clerk. (D.E. 8.) On April 8, 2105, Plaintiff filed a motion for default judgment. (D.E. 9.)

*Law and Analysis*

In the typical case, a defendant will file a motion requesting that the clerk's entry of default be set aside. Fed. R. Civ. P. 55(c). However, a court, on its own motion, "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Accordingly, the Court DIRECTS the Clerk to construe the attachment to docket entry seven as Defendant's Answer to Plaintiff's Complaint.

The Sixth Circuit has held that "an answer or other opposition to a motion for default may be treated as a motion to set aside entry of default." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). Since Karathasif has filed an Answer, the Court DIRECTS the entry of default be set aside. This matter will be set for a scheduling conference before the Magistrate Judge by separate notice. While the Court excuses Karathasif's failure to file the Answer with the Clerk, he is advised to familiarize himself with the Federal Rules of Civil Procedure and this District's local rules as soon as possible.

Assuming that no Answer had been filed, it was proper for Plaintiff's counsel to seek an entry of default and default judgment. *See Woods v. Severson*, 9 F.R.D. 84, 87 (D. Neb. 1948) ("It must not be thought that even the slightest impropriety characterized the conduct of counsel for the plaintiff in seeking and obtaining judgment in this action. The attorney so proceeding acted in good faith and made full and frank disclosure to the court of his position in the premises, including his receipt of the anonymous writing regarding the case.").

*Conclusion*

Plaintiff's motion for default judgment is denied and the entry of default is set aside. As Defendant has filed an Answer, this matter is ready to be set for a scheduling conference. The Clerk's office is directed to mail a copy of this order to Defendant at the address contained in the summons used to serve him with the complaint.

IT IS SO ORDERED this the 10th day of April, 2015.

/s J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE